**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PEDRO ORTIZ REYES and TOMAS SOTO, *individually and on behalf of others similarly situated,*<br><br>　　　　　　　　Plaintiffs,<br><br>　　-against-<br><br>1944 FIRST AVENUE DELI CO., LLC (d/b/a DAVE'S GOURMET LLC) and DERHIM NASSER<br><br>　　　　　　　　*Defendants.* | 16-CV-08073-KBF<br><br>**SETTLEMENT AGREEMENT**<br>**AND**<br>**<u>RELEASE</u>** |

　　　　This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs Pedro Ortiz Reyes and Tomas Soto ("Plaintiffs") on the one hand, 1994 First Avenue Deli Co. LLC (d/b/a Dave's Gourmet LLC) (the "Defendant Corporation"), Derhim Nasser, (the "Individual Defendant") (collectively the Defendant Corporation and the Individual Defendant are the "Defendants"), on the other hand.

　　　　WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

　　　　WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 16-CV-08073-KBF (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

　　　　WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

　　　　WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

　　　　NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

　　　　1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, the gross sum of Ninety Thousand Dollars and Zero Cents (**$90,000**) (the "Settlement Amount") to be paid to Plaintiffs' attorneys, as follows:

　　　　　　(a)　　　Installment One: A check in the amount of Twenty Five Thousand Dollars and Zero Cents

1231196.1

($25,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit Thirty Days (30) after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(b)     Installment Two: A post-dated check in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit sixty days (60) after court approval of the settlement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(c)     Installment Three: A post-dated check in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit ninety days (90) after court approval of the settlement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(d)     Installment Four: A post-dated check in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit one hundred and twenty days (120) after court approval of the settlement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(e)     Installment Five: A post-dated check in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit one hundred and fifty days (150) after court approval of the settlement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(f)     Installment Six: A post-dated check in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit one hundred and eighty days (180) after court approval of the settlement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(g)     Installment Seven: A post-dated check in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit two hundred and ten (210) days after court approval of the settlement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(h)     Installment Eight: A post-dated check in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit two hundred and forty days (240) after court approval of the settlement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(i) Installment Nine: A post-dated check in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit two hundred and seventy days (270) after court approval of the settlement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(j) Installment Ten: A post-dated check in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit three hundred days (300) after court approval of the settlement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(k) Installment Eleven: A post-dated check in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit three hundred and thirty days (330) after court approval of the settlement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(l) Installment Twelve: A post-dated check in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit three hundred and sixty days (360) after court approval of the settlement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(m) Installment Thirteen: A post-dated check in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit three hundred and ninety days (390) after court approval of the settlement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(n) Installment Fourteen: A post-dated check in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit four hundred and twenty days (420) after court approval of the settlement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

All of the post-dated checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.

2. **Release and Covenant Not To Sue**: Plaintiffs hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities

of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiffs at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiffs relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

      3.    <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

      4.    <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

      5.    <u>Acknowledgments:</u>   Each Plaintiff acknowledges that: (1) he has been fully and fairly represented by counsel in this matter; and (2) he has been instructed by his attorney that Defendants respectfully request he keep this agreement confidential. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

      6.    <u>Notices</u>:   Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 2540
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:
Harold H. Weisberg
Weisberg & Weisberg, Esq.
2463 Broadway
New York, NY 10025
Tel: 212-787-7760
Fax: 212-787-6237

Email: hhw1@verizon.net

7. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8. <u>Enforceability</u>: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. <u>Release Notification</u>: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**PLAINTIFFS:**

By: _____   Date: 10-10-17
PEDRO ORTIZ REYES

By: _____   Date: 10/10/17
TOMAS SOTO

**DEFENDANTS:**

By: _____   Date: 10/19/17
1944 FIRST AVENUE DELI CO., LLC

By: _____   Date: 10/19/17
DERHIM NASSER